09-2954-cv
Fuentes v. Tilles

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of May, two thousand ten.

PRESENT:   REENA RAGGI,
                      PETER W. HALL,
                      DENNY CHIN,
                                *Circuit Judges.*

-------------------------------------------------------------------------------

M.A. FUENTES, MD,

                                *Plaintiff-Appellant,*

                      v.                                             No. 09-2954-cv

DAVID TILLES, KATHLEEN BOULWARE,
HOWARD ZONANA, LEWIS BARRY NEWBERG,

                                *Defendants-Appellees.*

-------------------------------------------------------------------------------

APPEARING FOR APPELLANT:        MICHAEL ANDREW FUENTES, *pro se*, Darien, Connecticut.

APPEARING FOR APPELLEES:         JANE D. COMERFORD, Assistant Attorney General, *for* Richard Blumenthal, Attorney General of the State of Connecticut, Hartford, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Robert

N. Chatigny, *Chief Judge*; William I. Garfinkel, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on June 15, 2009, is AFFIRMED.

Pro se plaintiff Michael Andrew Fuentes sued defendants for alleged violations of myriad federal laws, including the Sherman and Clayton Acts, 15 U.S.C. § 1 et seq. The district court approved and adopted Magistrate Judge Garfinkel's recommendation that Fuentes's complaint be dismissed sua sponte under 28 U.S.C. § 1915(e) as lacking an arguable basis in law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). We review such a dismissal de novo. See Giano v. Goord, 250 F.3d 146, 149-50 (2d Cir. 2001). In doing so, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). While we give "special solicitude" to pro se submissions, Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, after Twombly and Iqbal, "we remain obligated to construe a pro se complaint liberally"), Fuentes's complaint plainly fails to "plead[] factual content that allows the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged," Ashcroft v. Iqbal, 129 S. Ct. at 1949. Accordingly, the district court correctly dismissed the complaint.

2

On appeal, Fuentes does not contend that he should have been permitted leave to amend. Our <u>de novo</u> review of his complaint and his arguments to this court confirms that, in any event, amendment would have been futile. <u>See, e.g.</u>, <u>Ellis v. Chao</u>, 336 F.3d 114, 127 (2d Cir. 2003).

We have considered Fuentes's other arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court